**FILED**
**August 12, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.S. and L.F.**

**No. 23-256** (Raleigh County CC-41-2022-JA-5 and CC-41-2022-JA-6)

## MEMORANDUM DECISION

Petitioner Mother E.S.[1] appeals the Circuit Court of Raleigh County's April 19, 2023, order terminating her parental, custodial, and guardianship rights to N.S. and L.F., arguing that the evidence did not support termination.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating the circuit court's March 25, 2022, adjudicatory order and April 19, 2023, dispositional order, and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In January 2022, the DHS filed a petition alleging that the petitioner was arrested for driving under the influence with minors in the vehicle, as both children at issue in this appeal were with her. While speaking with the Child Protective Services employee who responded to the scene, the petitioner claimed that she was traveling from Indiana to Georgia.[3]

Without first establishing initial jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), West Virginia Code § 48-20-201, the circuit court held an adjudicatory hearing in March 2022. The petitioner did not appear for the hearing but was represented by counsel. After noting that it received information from the Indiana Department of Child Services concerning past investigations regarding the petitioner, the court recognized that "possible issues regarding jurisdiction could arise" and stated that it would contact the appropriate

---

[1] The petitioner appears by counsel Robert P. Dunlap. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather Olcott. Counsel Donnie L. Adkins II appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The DHS later filed an amended petition concerning another adult respondent.

1

state court if West Virginia was determined not to be the child's home state. Despite these concerns, upon its review of certain documents and the DHS's proffer, the court nonetheless adjudicated the petitioner of abusing and neglecting the children based, in part, upon her arrest as alleged in the petition.

In April 2022, the circuit court contacted an Indiana court to inquire if it would assert jurisdiction over the matter because the petitioner was a resident of Indiana. The presiding judge wrote back to the circuit court, declining jurisdiction over the matter given that the underlying facts occurred in West Virginia. As the resolution of the petitioner's appeal turns upon her adjudication, it is sufficient to note that the petitioner's parental, custodial, and guardianship rights to both children were terminated following a dispositional hearing. It is from the April 19, 2023, dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). It is unnecessary to address the petitioner's specific assignment of error on appeal, as the circuit court improperly adjudicated her *before* obtaining jurisdiction under the UCCJEA. Our law is clear that "[t]he [UCCJEA], West Virginia Code § 48-20-101, et seq., is a jurisdictional statute, and the requirements of the statute must be met for a court to have the power to adjudicate child custody disputes." Syl. Pt. 3, *In re A.T.-1*, 248 W. Va. 484, 889 S.E.2d 57 (2023) (quoting Syl. Pt. 6, *Rosen v. Rosen*, 222 W. Va. 402, 664 S.E.2d 743 (2008)). As we extensively discussed in *In re A.T.-1*, "jurisdiction may not be obtained under this statute until there is declination of home state jurisdiction." *Id.* at 490, 889 S.E.2d at 63. Put simply, the adjudicatory hearing should not have occurred until after Indiana declined to exercise its home-state jurisdiction. Despite acknowledging the possibility of jurisdictional issues in its adjudicatory order, the circuit court nonetheless proceeded with the adjudicatory hearing and adjudicated the petitioner *prior* to obtaining the jurisdictional authority to do so. This is contrary to our direction that "if there is any question regarding a lack of subject matter jurisdiction under the UCCJEA then the court should sua sponte address the issue as early in the proceeding as possible." *Id.* at 486, 889 S.E.2d at 58, Syl. Pt. 4, in part (quoting Syl. Pt. 5, *In re Z.H.*, 245 W. Va. 456, 859 S.E.2d 399 (2021)).[5]

---

[4] The father's parental, custodial, and guardianship rights were also terminated. The permanency plan is adoption in the current placement.

[5] The UCCJEA allows a West Virginia circuit court to have temporary emergency jurisdiction to protect a child who is present in this state from actual or threatened mistreatment or abuse. *See* W. Va. Code §§ 48-20-201(a), -204(a); *In re A.T.-1*, 248 W. Va. at 492, 889 S.E.2d at 65 ("[T]he scope of temporary emergency jurisdiction under West Virginia Code § 48-20-204(a) is limited to protecting the child pending action by the home state, if one exists. Other courts have likened the scope of temporary emergency jurisdiction to the entry of a temporary protective order, effective *only* until the home state is notified and either assumes jurisdiction over the children or declines to do so."). Based on the allegations in the abuse and neglect petition, we perceive no error in the circuit court's exercise of temporary emergency jurisdiction to ensure the safety of these children—but the court obviously erred by proceeding beyond the temporary emergency

For the foregoing reasons, we vacate the circuit court's March 25, 2022, adjudicatory order as it relates to the petitioner's adjudication only; vacate the April 19, 2023, order terminating the petitioner's parental, custodial, and guardianship rights as it pertains to the petitioner only;[6] and remand this matter to the circuit court for further proceedings consistent with the applicable rules and statutes governing abuse and neglect proceedings. The Clerk is directed to issue the mandate contemporaneously herewith.

Vacated, in part, and remanded, in part.

**ISSUED**: August 12, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

stage without considering and complying with the initial child custody jurisdiction provisions of West Virginia Code § 48-20-201.

[6] The vacation of these orders applies only to the petitioner. Accordingly, the portions of the orders concerning any other adult respondent remain in full force and effect.